[Cite as *Seiter v. Ohio Dept. of Transp.*, 2011-Ohio-6950.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ELIZABETH SEITER

> Plaintiff

> v.

OHIO DEPT. OF TRANSPORTATION

> Defendant

Case No. 2011-06153-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

### FINDINGS OF FACT

{¶1}  Plaintiff, Elizabeth Seiter, filed a complaint against defendant, Department of Transportation (ODOT), alleging that she suffered damage to both tires and rims on the driver's side of her 2007 Chevrolet Cobalt, as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on State Route 83.  Plaintiff recalled the incident occurred on April 8, 2011, at approximately 2:30 p.m.  Plaintiff seeks damages in the amount of $525.00.   The filing fee was paid.

{¶2}  Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the City of Wooster and not ODOT bears the maintenance responsibility for the roadway where plaintiff's incident occurred.  In support of the request to dismiss, ODOT stated, "[d]efendant has performed an investigation of this site and this area on SR 83 falls under the maintenance jurisdiction of the City of Wooster."   ODOT further stated, "[a]s such this section of roadway is not within the maintenance jurisdiction of the defendant."   Consequently, defendant contended the City of Wooster is the proper party defendant to plaintiff's action.   The site of the damage-causing incident was located in the City of Wooster.

{¶3}    Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶4}    Ohio Revised Code Section 5501.31 in pertinent part states:

{¶5}    "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director, but he may construct, reconstruct, widen, resurface, maintain, and repair the same with or without the cooperation of any municipal corporation, or with or without the cooperation of boards of county commissioners upon each municipal corporation consenting thereto."

{¶6}    The site of the damage-causing incident was not the maintenance jurisdiction of defendant.  Consequently, plaintiff's case is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ELIZABETH SEITER

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

Case No. 2011-06153-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Elizabeth Seiter
12767 Township Road 217
Big Prairie, Ohio  44611

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

9/1
Filed 9/21/11
Sent to S.C. reporter 1/27/12